**NANJING JI, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

**No. 06–72524.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

Nanjing Ji, Monterey Park, CA, pro se.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James A. Hurley, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Nanjing Ji, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's and BIA's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's and BIA's denial of asylum based on an adverse credibility finding. Ji's testimony was internally inconsistent in regard to whether he read the contents of a letter that the police attempted to force him to sign. *See Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir.2004). In the absence of credible testimony, Ji also failed to provide

sufficient corroborating evidence in support of claims of past persecution and a well-founded fear of future persecution. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000).

Because Ji failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Ji's CAT claim also fails because it is based on the same testimony that the IJ and BIA found not credible, and Ji points to no other evidence that he could claim the IJ and BIA should have considered. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

